# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ROBIN BARTLETT-RAUDENBUSH

## DEFENDANTS
SPARK THERAPEUTICS, INC.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Laura Mattiacci Esq., Console Mattiacci Law,
1525 Locust Street, 9th Fl., Philadelphia, PA 19102
215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [X] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

PRISONER PETITIONS
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

INTELLECTUAL PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000e, et seq., 29 U.S.C. §2601, et seq., 43 P.S. §951, et seq., and Phil. Code §9-1101, et seq.
Brief description of cause:
Plaintiff was discriminated and retaliated against based on her sex in violation of federal, state, and local law.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- **DEMAND $** In excess of $75,000
- CHECK YES only if demanded in complaint:
- **JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 08/11/2023
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| ROBIN BARTLETT-RAUDENBUSH | : | CIVIL ACTION |
| v. | : | |
| SPARK THERAPEUTICS, INC. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| | | |
|---|---|---|
| 08/11/2023 | _[signature]_ | Plaintiff, Robin Bartlett-Raudenbush |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-689-4137 | Mattiacci@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Doylestown, PA 18914 _____

Address of Defendant: _____ 3737 Market Street Philadelphia, PA 19104 _____

Place of Accident, Incident or Transaction: _____ Philadelphia, PA _____

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 08/11/2023 _____    _____/s/_____    89643 _____
                                              *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.  *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Laura Mattiacci _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 08/11/2023 _____    _____/s/_____    89643 _____
                                              *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBIN BARTLETT-RAUDENBUSH**<br>Doylestown, PA 18914<br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>**SPARK THERAPEUTICS, INC.**<br>3737 Market Street<br>Philadelphia, PA 19104<br>　　　　　　　Defendant. | CIVIL ACTION NO. |

**COMPLAINT**

I. **INTRODUCTION**

Plaintiff, Robin Bartlett-Raudenbush, brings this action against her former employer, Spark Therapeutics, Inc. ("Defendant"), for discriminating against Plaintiff based upon her sex (female) and retaliating against Plaintiff because of her complaints of discrimination, culminating in the termination of Plaintiff's employment for false and pretextual reasons while Plaintiff was out on an FMLA-protected medical leave.

Defendant's discriminatory and retaliatory conduct is in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), the Family Medical Leave Act, 29 U.S.C. §2601, *et seq.* ("FMLA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, as amended, Phila. Code §9-1101, *et seq*. ("PFPO").

1

Plaintiff seeks damages, including economic loss, compensatory damages, punitive damages, liquidated damages, attorneys' fees and costs, and all other relief this Court deems appropriate.

## II.   PARTIES

1. Plaintiff, Robin Bartlett-Raudenbush, is a female individual and a citizen of the Commonwealth of Pennsylvania. Plaintiff resides in Doylestown, Pennsylvania.

2. Defendant is engaged in an industry affecting interstate commerce and regularly does business in the state of Pennsylvania and in Philadelphia County.

3. Defendant maintains a principal place of business in Philadelphia, PA.

4. At all relevant times, Defendant employed more than fifty (50) people within a seventy-five (75) mile radius of Plaintiff's workplace.

5. As of her termination, Plaintiff had been employed for at least twelve hundred and fifty (1,250) hours of service during the preceding twelve (12) month period.

6. At all relevant times, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

7. At all relevant times, Defendant acted as an employer within the meaning of the statutes which form the basis of this matter.

8. At all relevant times, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

## III.   JURISDICTION AND VENUE

9. The causes of action which form the basis of this matter arise under Title VII, the FMLA, the PHRA and the PFPO.

10. This Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

11. This Court has jurisdiction over Count II (FMLA) pursuant to 29 U.S.C. §2617(a)(2) and 28 U.S.C. §1331.

12. This Court has jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. §1367.

13. This Court has jurisdiction over Count IV (PFPO) pursuant to 28 U.S.C. §1367.

14. Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred within this District.

15. On or about April 12, 2022, Plaintiff filed a complaint of discrimination with the Pennsylvania Human Relations Commission ("PHRC"), complaining of acts of discrimination alleged herein. That complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto and incorporated herein as Exhibit "1" is a true and correct copy of the PHRC complaint (with personal identifying information redacted).

16. On or about May 17, 2023, the EEOC issued to Plaintiff a Notice of Right to Sue pertaining to Plaintiff's agency complaint. Attached hereto as Exhibit "2" is a true and correct copy of that Notice.

17. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.   FACTUAL ALLEGATIONS

18. Plaintiff began working at Defendant on or about February 21, 2017.

19. Plaintiff consistently performed her job duties in a highly competent manner and received positive feedback.

20. Plaintiff last held the position of Head of Information Technology.

3

21. Plaintiff last reported to Cynthia Pussinen ("Pussinen") (female), Chief Technical Officer.

22. Pussinen reported to Jeffrey Marrazzo ("Marrazzo") (male), Chief Executive Officer.

23. On or about May 24, 2021, Plaintiff began reporting to Pussinen.

24. On or about July 20, 2021, during a phone call with Plaintiff's direct report, Brian Johnson ("Johnson") (male), Information Technology Business Partner, Johnson told Plaintiff that, in the meeting Plaintiff was scheduled to have the next day with George Skillin ("Skillin") (male), Head of Engineering, and Mahdi Sarmady ("Sarmady") (male), Head of Data Sciences, they planned to ambush Plaintiff.

25. On or about July 21, 2021, in a meeting with Sarmady and Skillin, they acted in an aggressive and intimidating manner toward Plaintiff.

26. During the July 21st meeting, Sarmady and Skillin unjustly criticized Plaintiff's performance, and falsely accused her of being "out of line," "overstepping," and convincing others to change presentation slides so that the Information Technology department did not look bad.

27. Plaintiff understood that Sarmandy and Skillin were treating her in this manner because of her sex and that, if she were a man, they would not be treating her in the same way.

28. On or about July 22, 2021, during a meeting with Jamie Schmid ("Schmid") (female), Human Resources, Plaintiff complained of sex discrimination.

29. During the July 22nd meeting, Plaintiff complained that Skillin and Sarmady treated her in a hostile manner because she is a woman, and that she felt they would not have treated a man the same way they treated her.

30. During the July 22nd meeting, Plaintiff stated that, when she attempted to speak

4

with Skillin in a professional manner following the call, he came across as aggressive toward her, he was dismissive and he ended the call quickly.

31. Defendant failed to investigate Plaintiff's sex discrimination complaints.

32. Defendant failed to remedy or prevent the sex discrimination at Defendant.

33. On or about August 2, 2021, during a midyear performance review meeting with Pussinen, she discussed with Plaintiff areas of improvement and development that were vague and lacked specificity and examples.

34. Pussinen asked if Plaintiff was happy at Defendant since she needed people who were happy.

35. Plaintiff took the question to be in relation the fact that she had recently complained of sex discrimination.

36. On or about September 17, 2021, during a meeting with Pussinen, she discussed wanting to create a vision for the department but did not provide concrete actions to take.

37. On or about January 11, 2022, during a meeting with Pussinen, Plaintiff received a year end performance review in which her performance was unjustly criticized.

38. Pussinen told Plaintiff that the review was a "mixed bag," and that she should not interpret her comments to mean that she has concluded that Plaintiff was not right for Defendant.

39. On January 30, 2022, in an email from Pussinen, titled "2021 Year End Review Comments," she stated that she "feel[s] like 2022 holds so many excellent opportunities for [Plaintiff] to evolve, to turn around, to demonstrate competence in some key areas identified through feedback gathered."  She stated that she was "seeing early positive indicators and [she was] optimistic."

40. On February 8, 2022, in an email to Pussinen, Plaintiff informed her that Plaintiff's doctor was recommending that she take a six (6) week medical leave from work, beginning February 14, 2022.

41. On February 8, 2022, in an email to Pussinen, Marrazzo, and Jennifer Flaisher ("Flaisher") (female), Chief People Officer, Plaintiff rebutted the unjust criticisms in the year end performance review and complained of sex discrimination and retaliation.

42. Plaintiff included examples of comments and conduct that she found "misogynistic," and stated that she believed that she would not have been treated in this manner or held to a higher standard if Plaintiff were a man or had not complained of sex discrimination.

43. Plaintiff's February 8, 2022 email was the first time that Plaintiff put in writing that she felt that she was discriminated against because of her sex and retaliated against because of her sex discrimination complaints.

44. On February 8, 2022, following the above, in an email from Flaisher, she acknowledged receipt of Plaintiff's above email and stated that she would follow up with next steps.

45. On February 10, 2022, in an email to Schmid, Plaintiff provided Defendant with a doctor's note stating that she needed to take a six (6) week medical leave from work.

46. On or about February 14, 2022, Plaintiff went out of work on an FMLA-protected medical leave of absence.

47. Plaintiff's FMLA-protected medical leave was in part due to the stress resulting from the sex discrimination and retaliation to which she was subjected at Defendant.

48. On March 14, 2022, in a text message to Flaisher, Plaintiff stated that her doctor cleared her to return to work on March 21, 2022.

49. On March 15, 2022, in a text message from Flaisher, she stated that she was glad that Plaintiff was feeling well enough to return to work and asked her if she could speak with her later that day.

50. On March 15, 2022, following the above, during a phone call with Flaisher:

   a. Plaintiff and Flaisher discussed Plaintiff's sex discrimination and retaliation complaints;

   b. Flaisher stated that she was concerned about Plaintiff's complaint email when she read it;

   c. Flaisher asked Plaintiff if she was willing to return to work on the issues that Pussinen had raised in her feedback to Plaintiff;

   d. Plaintiff stated that she was, and reiterated her belief that she was being discriminated against because of her sex and retaliated against because of her sex discrimination complaints;

   e. Plaintiff asked if Defendant was investigating her complaints.

   f. Flaisher stated that she could not disclose any details; and

   g. Flaisher stated that she wanted to talk further with Plaintiff again the next day, March 16, 2022.

51. The next day, on March 16, 2022, during a phone call with Flaisher:

   a. Defendant terminated Plaintiff's employment, effective April 1, 2022;

   b. Defendant's stated reason for terminating Plaintiff was performance;

   c. Plaintiff complained that she was terminated because of her sex discrimination and retaliation complaints; and

   d. Flaisher did not deny that Plaintiff was terminated because of her sex

7

discrimination and retaliation complaints.

52. Defendant terminated Plaintiff's employment while she was out of work on an FMLA-protected medical leave of absence.

53. Defendant assigned Plaintiff's job duties to male and/or noncomplaining employees, including Martha Love, Head of Enterprise Applications.

54. Plaintiff was more qualified and experienced to perform her job duties than the male and/or noncomplaining employees to whom her job duties were assigned.

55. None of the male and/or noncomplaining employees were terminated.

56. Defendant retained male and/or noncomplaining employees in positions for which Plaintiff was more qualified.

57. Plaintiff was the only employee reporting to Pussinen who was terminated effective April 1, 2022.

58. Plaintiff had no disciplinary or performance issues throughout her employment.

59. Defendant did not follow any progressive discipline in terminating her employment.

60. Defendant did not offer Plaintiff a downgraded position or a position with reduced pay or any opportunity to remain employed before terminating her employment.

61. Plaintiff was provided with no opportunity to remain employed with Defendant.

62. Defendant subjected Plaintiff to a hostile work environment because of her sex and/or her engaging in protected activity.

63. Defendant terminated Plaintiff's employment because of her sex and/or her engaging in protected activity.

64. Defendant's sex discriminatory and retaliatory conduct toward Plaintiff has caused her emotional distress.

65. Defendant's comments and conduct evidence a bias against female employees and/or employees who engage in protected activity.

66. Plaintiff's need for FMLA leave was a motivating and/or determinative factor, and was considered as a negative factor, in Defendant's decision to terminate Plaintiff.

67. As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

68. Defendant acted with malice and/or reckless indifference to Plaintiff's protected rights. The conduct of Defendant was outrageous under the circumstances and warrants the imposition of punitive damages against Defendant.

69. The conduct of Defendant was willful under the circumstances and warrants the imposition of liquidated damages.

70. Defendant's retaliatory conduct directed toward Plaintiff as set forth herein would dissuade a reasonable employee from raising concerns of discrimination and retaliation.

71. The discriminatory and retaliatory conduct, as alleged herein, was severe and pervasive enough to make a reasonable person believe that the conditions of employment had been altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed.

## **COUNT I – TITLE VII**

72. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in

their entirety.

73. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated Title VII.

74. Defendant acted intentionally and willingly, with malice and/or reckless indifference to Plaintiff's rights, warranting the imposition of punitive damages.

75. As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

76. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

77. No previous application has been made for the relief requested herein.

### COUNT II – FMLA

78. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

79. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the FMLA.

80. As a result of Defendant terminating Plaintiff because she exercised her rights under the FMLA, Defendant has violated the FMLA.

81. Defendant failed to place Plaintiff back into her same or equivalent position following her protected medical leave, in violation of the FMLA.

82. Plaintiff's exercise of her FMLA rights was considered as a negative factor, and was a motivating and determinative factor in Defendant's conduct towards Plaintiff, including its decision to terminate Plaintiff.

83. Defendant interfered with Plaintiff's FMLA rights by terminating Plaintiff while she was out on a protected medical leave prior to allowing her to return to work.

84. Said violations were not in good faith, and Defendant did not have reasonable grounds to believe that the foregoing acts were not in violation of the FMLA.

85. Defendant's violations of the FMLA warrant the imposition of liquidated damages.

86. As a direct and proximate result of Defendant's violations of the FMLA, Plaintiff has suffered damages and losses set forth herein and has incurred attorneys' fees and costs.

87. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's violations of the FMLA unless this Court grants the relief requested herein.

88. No previous application has been made for the relief requested herein.

## COUNT III – PHRA

89. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

90. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant violated the PHRA.

91. Plaintiff's sex and her complaints of discrimination were motivating and/or determinative factors in Defendant's decision to terminate Plaintiff's employment.

92. As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein, and has incurred attorneys' fees and costs.

93. Plaintiff is now suffering and may continue to suffer irreparable injuries and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until

the Court grants the relief requested herein.

94.     No previous application has been made for the relief requested herein.

## COUNT IV – PFPO

95.     Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

96.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant violated the PFPO.

97.     Plaintiff's sex and her complaints of discrimination were substantial, motivating, and/or determinative factors in Defendant's decision to terminate Plaintiff's employment.

98.     Defendant acted willfully and/or intentionally with malice and/or reckless indifference to Plaintiff's federally protected rights, and Defendant's conduct was especially egregious, warranting the imposition of punitive damages.

99.     As a direct and proximate result of Defendant's violations of the PFPO, Plaintiff has sustained the injuries, damages, and losses set forth herein, and has incurred attorney's fees and costs.

100.    Plaintiff is now suffering and may continue to suffer irreparable injuries and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

101.    No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's unlawful conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

a) declaring the acts and practices complained of herein to be in violation of Title VII;

b) declaring the acts and practices complained of herein to be in violation of the FMLA;

c) declaring the acts and practices complained of herein to be in violation of the PHRA;

d) declaring the acts and practices complained of herein to be in violation of the PFPO;

e) enjoining and permanently restraining the violations alleged herein;

f) entering judgment against the Defendant and in favor of the Plaintiff in an amount to be determined;

g) awarding damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

h) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

i) awarding punitive damages to Plaintiff under Title VII;

j) awarding punitive damages to Plaintiff under the PFPO;

k) awarding liquidated damages to Plaintiff under the FMLA;

l) awarding Plaintiff such other damages as are appropriate under Title VII, the FMLA, the PHRA and the PFPO;

m) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

n) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past

violations and preventing future violations.

                                          **CONSOLE MATTIACCI LAW, LLC**

Dated: 08/11/2023        BY: _____
                                          LAURA C. MATTIACCI, ESQ.
                                          KEVIN CONSOLE, ESQ.
                                          1525 Locust Street, 9th Floor
                                          Philadelphia, PA 19102

                                          *Attorneys for Plaintiff,*
                                          *Robin Bartlett-Raudenbush*