# Exhibit 1

COMMONWEALTH OF PENNSYLVANIA

GOVERNOR'S OFFICE

PENNSYLVANIA HUMAN RELATIONS COMMISSION

|  |  |  |
|---|---|---|
| | : | |
| Robin Bartlett-Raudenbush, | : | |
| Complainant | : | |
| | : | |
| v. | : PHRC Case No. 202102209 | |
| | : | |
| Spark Therapuetics, Inc., | : EEOC No. 17F202260928 | |
| Respondent | : | |
| | : | |

## COMPLAINT

### JURISDICTION

1.  Jurisdiction is pursuant to the Pennsylvania Human Relations Act 43 P.S. §§ 951-963.

### PARTIES

2.  The Complainant herein is:

    Robin Bartlett-Raudenbush

    

3.  The Respondent herein is:

    Spark Therapuetics, Inc.
    3737 Market Street
    Philadelphia, PA 19104

**Received**

APR 1 2 2022

PA Human Relations Commission
Philadelphia Regional Office

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## COMPLAINT

COMPLAINANT:                                           :

**ROBIN BARTLETT-RAUDENBUSH**          :          Docket No.

v.                                                              :             2021022209

RESPONDENT:                                           :

**SPARK THERAPEUTICS, INC.**                 :
                                                                 :

1.  The Complainant herein is:

    Name:        Robin Bartlett-Raudenbush

    Address:     ████████████████

2.  The Respondent herein is:

    Name:        Spark Therapeutics, Inc.

    Address:     3737 Market Street
                 Philadelphia, PA 19104

3.  I, Robin Bartlett-Raudenbush, the Complainant herein, allege that I was subjected to unlawful discrimination because of my sex (female) and retaliation because of my complaints of sex discrimination, as set forth below.

    ### Discrimination and Retaliation

    A.  I specifically allege:

    [1]        I began working at Respondent on or about February 21, 2017.

1

[2]     I consistently performed my job duties in a highly competent manner, and received positive feedback.

[3]     I last held the position of Head of Information Technology.

[4]     I last reported to Cynthia Pussinen (female), Chief Technical Officer. Pussinen reported to Jeffrey Marrazzo (male), Chief Executive Officer.

[5]     On or about May 24, 2021, I began reporting to Pussinen.

[6]     Pussinen treated me in a dismissive manner, differently and worse than how she treated male employees.

[7]     Pussinen did not respond to certain of my emails.

[8]     Pussinen excluded me from certain meetings and communications related to my job duties.

[9]     Pussinen provided me with contradictory feedback.

[10]    On July 20, 2021, in a phone call with my direct report, Brian Johnson (male), Information Technology Business Partner, he told me that, in the meeting I was scheduled to have the next day with George Skillin (male), Head of Engineering, and Mahdi Sarmady (male), Head of Data Sciences, they planned to ambush me.

[11]    On July 21, 2021, in a meeting with Sarmady and Skillin, they acted in an aggressive and intimidating manner toward me. They unjustly criticized my performance, and falsely accused me of being "out of line," "overstepping," and convincing others to change presentation slides so that the Information Technology department did not look bad. I understood that they were treating me in this manner because of my sex and that, if I were a man, they would not be treating me in the same way.

[12]    On July 22, 2021, in a meeting with Jamie Schmid (female), Human Resources, I complained of sex discrimination. I complained that Skillin and Sannady treated me in a hostile manner because I am a woman, and that I felt they would not have treated a man the same way they treated me. I stated that, when I attempted to speak with Skillin in a professional manner following the call, stating that he came across as aggressive toward me, he was dismissive and ended the call quickly.

[13]    Respondent failed to investigate my sex discrimination complaints.

[14]    Respondent failed to remedy or prevent the sex discrimination at Respondent.

[15]    On August 2, 2021, in a midyear performance review meeting with Pussinen, she discussed with me areas of improvement and development that were vague and not specific. Pussinen asked if I was happy at Respondent since she needed people who were happy. I took the question to be in relation the fact that I had previously complained of sex discrimination.

[16]    On September 17, 2021, in a meeting with Pussinen, she discussed wanting to create a vision for the department but did not provide concrete actions to take.

[17]    On January 11, 2022, in a meeting with Pussinen, I received a year end performance review in which my performance was unjustly criticized. Pussinen told me that the review was a "mixed bag," and that I should not interpret her comments to mean that she has concluded that I was not right for Respondent.

[18]    On January 30, 2022, in an email from Pussinen, titled "2021 Year End Review Comments," she stated that she "feel[s] like 2022 holds so many excellent opportunities for [me] to evolve, to turn around, to demonstrate competence in some key areas identified

3

through feedback gathered." She stated that she was "seeing early positive indicators and [she was] optimistic."

[19]     On February 8, 2022, in an email to Pussinen, I informed her that my doctor was recommending that I take a six (6) week medical leave from work, beginning February 14, 2022.

[20]     On February 8, 2022, in an email to Pussinen, Marrazzo, and Jennifer Flaisher (female), Chief People Officer, I rebutted the unjust criticisms in the year end performance review and complained of sex discrimination and retaliation. I included examples of comments and conduct that I found "misogynistic," and stated that I believed that I would not have been treated in this manner or held to a higher standard if I were a man or had not previously complained of sex discrimination.

[21]     My February 8, 2022 email was the first time that I put in writing that I felt that I was discriminated against because of my sex and retaliated against because of my sex discrimination complaints.

[22]     On February 8, 2022, following the above, in an email from Flaisher, she acknowledged receipt of my above email and stated that she would follow up with next steps.

[23]     On February 10, 2022, in an email to Schmid, I provided Respondent with a doctor's note stating that I needed to take a six (6) week medical leave from work.

[24]     On February 14, 2022, I went out of work on an FMLA-protected medical leave of absence, in part because of the stress due to the sex discrimination and retaliation to which I was subjected.

[25]     On March 14, 2022, in a text message to Flaisher, I stated that my doctor cleared me to return to work on March 21, 2022.

4

[26]     On March 15, 2022, in a text message from Flaisher, she stated that she was glad that I was feeling well enough to return to work and asked me if I could speak with her later that day.

[27]     On March 15, 2022, following the above, in a phone call with Flaisher, we discussed my sex discrimination and retaliation complaints. Flaisher stated that she was concerned about my complaint email when she read it. She asked me if I was willing to return to work on the issues that Pussinen had raised in her feedback to me. I stated that I was, and reiterated my belief that I was being discriminated against because of my sex and retaliated against because of my sex discrimination complaints. I asked if Respondent was investigating my complaints. Flaisher stated that she could not disclose any details. She stated that she wanted to talk further with me again the next day.

[28]     On March 16, 2022, in a phone call with Flaisher, Respondent terminated my employment, effective April 1, 2022. The stated reason was performance. I complained that I was terminated because of my sex discrimination and retaliation complaints. Flaisher did not deny that I was terminated because of my sex discrimination and retaliation complaints.

[29]     Respondent terminated my employment while I was out of work on an FMLA-protected medical leave of absence.

[30]     Respondent assigned my job duties to male and/or noncomplaining employees, including Martha Love, Head of Enterprise Applications. I was more qualified and experienced to perform my job duties than the male and/or noncomplaining employees to whom my job duties were assigned.

[31]     None of the male and/or noncomplaining employees were terminated.

5

[32]     Respondent retained male and/or noncomplaining employees in positions for which I was more qualified.

[33]     I was the only employee reporting to Pussinen who was terminated effective April 1, 2022.

[34]     I had no disciplinary or performance issues throughout my employment.

[35]     Respondent did not follow any progressive discipline in terminating my employment.

[36]     Respondent did not offer me a downgraded position or a position with reduced pay or any opportunity to remain employed before terminating my employment.

[37]     I was provided with no opportunity to remain employed with Respondent.

[38]     Respondent subjected me to a hostile work environment because of my sex and/or my engaging in protected activity.

[39]     Respondent terminated my employment because of my sex and/or my engaging in protected activity.

[40]     Respondent's sex discriminatory and retaliatory conduct toward me has caused me emotional distress.

[41]     Respondent's comments and conduct evidence a bias against female employees and/or employees who engage in protected activity.

**B.**  Based on the aforementioned, I allege that Respondent has discriminated against me because of my sex (female) and retaliated against me for complaining of sex discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.*

6

("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.*
("PFPO").

    4.    The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices
in violation of:

        **X**      **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L.**

        **744, as amended) Section 5 Subsection(s):  (a); (d)**

        _____    Section 5.1 Subsection(s) ___ _____ _____

        _____    Section 5.2 Subsection(s) _____

        _____    Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961,

        P.L., 766, as amended) Section 4 Subsection(s) _____ _____

    5.    Other action based upon the aforesaid allegations has been instituted by the
Complainant in any court or before any other commission within the Commonwealth of
Pennsylvania as follows:

        **X**      **This charge will be referred to the EEOC for the purpose of dual
filing.**

    6.    The Complainant seeks that Respondent be required to:

    (a) Make the Complainant whole.

    (b) Eliminate all unlawful discriminatory and retaliatory practice(s) and procedure(s).

    (c) Remedy the discriminatory and retaliatory effect of past practice(s) and
        procedure(s).

    (d) Take further affirmative action necessary and appropriate to remedy the violation
        complained of herein.

    (e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

_Apr 12, 2022_
(Date Signed)

_Robin Bartlett-Raudenbush_
(Signature)    Robin Bartlett-Raudenbush

# Exhibit 2

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Robin Bartlett-Raudenbush**

From: **Philadelphia District Office**
**801 Market St, Suite 1000**
**Philadelphia, PA 19107**

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **17F-2022-60928** | **Damon Johnson,** **State, Local & Tribal Program Manager** | **(267) 589-9722** |

*(See also the additional information enclosed with this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.*

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By: Karen McDonough
5/17/2023

Enclosures(s)

**Karen McDonough**
**Deputy District Director**

cc: **For Respondent**
Hannah Lindgren
Littler Mendelson, P.C.
Three Parkway 1601 Cherry Street, Suite 1400
Philadelphia, PA 19102

**For Charging Party**
Emily R. Derstine Friesen
Console Mattiacci Law LLC
1525 Locust Street
Philadelphia, PA 19102